AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original     ☐ Duplicate Original

| LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>7/28/2025<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: \_\_\_\_MMC\_\_\_\_ DEPUTY | | FILED<br>CLERK, U.S. DISTRICT COURT<br><br>7/28/2025<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:/s/ Valencia Munroe DEPUTY |

# UNITED STATES DISTRICT COURT
## for the
## Central District of California

United States of America

v.

Eymard Rendon-Sepulveda,

Defendant

Case No. 2:25-MJ-04714-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Nicholas DeSimone, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of July 26, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Sections | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Nicholas DeSimone, Resident Agent in Charge
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/28/25

Judge's signature

City and state: Los Angeles, California

Hon. Charles Eick, U.S. Magistrate Judge
*Printed name and title*

AUSA: Christina Marquez (x14061)

**AFFIDAVIT**

I, Nicholas DeSimone, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Eymard RENDON-Sepulveda, charging him with violating Title 8, United States Code, Sections 1326(a), (b)(2)— Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF RESIDENT AGENT IN CHARGE NICHOLAS DESIMONE

3. I am a Homeland Security Investigations ("HSI") Special Agent ("SA") and have been employed as such since February 21, 2016. I am authorized by Title 8, United States Code, Section 1357, and Title 19, United States Code, Section 1589a, to investigate immigration law and customs law violations, respectively.

4. On March 5, 2009, I began my law enforcement career with the United States Border Patrol ("USBP") as a Border Patrol

agent. From 2009 to 2016, I was primarily assigned to the USBP's El Centro Sector in Southern California. During my tenure with the USBP, I was assigned to various interdiction and intelligence teams, and from my assignment on these teams, I became trained and experienced in surveillance, investigative research, the analysis of telephone records, and basic investigative skills related to the interdiction of contraband smugglers. Additionally, during this period, I was the Indio Border Patrol Station's prosecutions officer. In that role, my duties involved conducting reactive investigations of both immigration and customs violations and, if applicable, seeking criminal prosecutions for those violations. During the course of my employment with the USBP, I was involved in hundreds of prosecutions related to the illegal entry of criminal aliens into the United States and the smuggling of human and drug contraband by transnational criminal organizations.

5. In 2016, I began my employment with HSI. I attended and completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the HSI Special Agent Training Program.

6. Following the completion of my training, from 2016 to 2019, I was assigned to the HSI Los Angeles International Airport ("LAX") Office in El Segundo, California, where I was primarily assigned to investigating contraband smuggling – namely opioid smuggling – via the mail and commercial cargo systems.

7. From 2019 to 2024, I was a member of Group 46 of the Southern California Drug Task Force, where I was tasked with performing criminal investigations into complex drug trafficking conspiracies and networks. During this period, I led and participated in dozens of investigations of complex drug trafficking conspiracies.

8. I am currently the Resident Agent in Charge of the HSI Integrated Operations Group Task Force (the "Task Force"). As part of this Task Force, I investigate various federal crimes with Department of Homeland Security ("DHS") agents and analysts, including from HSI and U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"). As a result of my collaboration with these DHS employees on this Task Force, I have conducted investigations for a wide variety of federal offenses and am familiar with DHS databases that are used to identify individuals who are subject to prosecution for federal crimes.

III. **TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES**

9. Based on my training and experience and communication with DHS employees on the Task Force, I know the following:

   a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement

databases from another person's fingerprints.  In many cases, the Department of Homeland Security ("DHS") and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

        b.   Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file").  An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage.  That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

    10.  Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm

the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. STATEMENT OF PROBABLE CAUSE

11.  On or about July 26, 2025, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by the Long Beach Police Department ("LBPD"), within the Central District of California, for a Violation of Post-Release Community Supervision, in violation of California Penal Code Section 3455.

12.  Defendant is currently in custody with LBPD.  Based on my training and experience, it is essential to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removal(s) and unlawful reentry. Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance.  Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.

13.  I compared a unique fingerprint identifier from the arrest referenced above against those contained in the

5

immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

    14. On or about July 27, 2025, I conferred with other law enforcement officers, including DHS personnel, and reviewed records associated to defendant's unique fingerprint identifiers that are contained in DHS indices. I learned the following about defendant's immigration history:

    a. Defendant is a citizen and national of Mexico.

    b. On or about March 23, 2023, defendant was issued a final administrative order from the United States to Mexico. Defendant filed a request for Withholding of Removal, which was denied by an Immigration Judge on or about July 31, 2023, and Defendant was ordered removed. On or about August 31, 2023, defendant was physically removed from the United States to Mexico.

    c. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

    d. I reviewed photographs of defendant that were retained in DHS indices from defendant's immigration records. I

also reviewed photographs taken of defendant following their arrest for which the PERC received notification as referenced above. Based on those reviews, I established a belief that the photographs are of the same person.

15. Based on my review of a criminal history report for defendant, which is associated to defendant's unique fingerprint identification number(s), I have learned the following:

    a. On or about May 29, 2019, defendant was convicted in the Superior Court of California, County of Los Angeles, for the offense of First-Degree Burglary, a felony, in violation of California Penal Code Section 459, for which defendant was sentenced to two years' imprisonment.

    b. On or about May 29, 2019[1], defendant was convicted in the Superior Court of California, County of Los Angeles, for the offense of Second-Degree Robbery, a felony, in violation of California Penal Code Section 211, for which defendant was sentenced to two years' imprisonment.

    c. On or about June 15, 2021, defendant was committed to four years' imprisonment while incarcerated for the above convictions for the offense of Assault with Force Causing Great Bodily Injury by Prisoner, in violation of California Penal Code Section 4501(b).

## V. CONCLUSION

16. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of

---

[1] Although this conviction occurred on the same date as the previous conviction, the two appear to have arisen from separate crime and were adjudicated in separate court cases.

Title 8, United States Code, Sections 1326(a), (b)(2) Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this <u>28th</u> day of July 2025.

_____
HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE